Joe Angelo (Bar #268542)
joe@galeangelojohnson.com
Gale, Angelo, Johnson, P.C.
2999 Douglas Blvd., Ste. 111
Roseville, CA 95661
916-290-7778 ph
916-282-0771 fax

Attorney for Plaintiff
Sylvia Alvarado

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| Sylvia Alvarado<br><br>Plaintiff,<br><br>v.<br><br>FirstSource Advantage, LLC<br><br>Defendants. | CASE NO. 2:26-cv-00483<br><br>PLAINTIFF'S COMPLAINT FOR DAMAGES:<br><br>1. Violation of the Fair Debt Collection Practices Act<br>2. Violation of the Rosenthal Fair Debt Collection Practices Act<br>3. Invasion of Privacy |

COMES NOW Sylvia Alvarado (hereinafter "Plaintiff"), an individual, based on information and belief, to allege as follows:

**INTRODUCTION**

1. This is an action for damages brought by an individual consumer for Defendant FirstSource Advantage, LLC's violations of the Fair Debt Collection Practices Act 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788, *et seq.* (hereinafter "Rosenthal Act"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices, and intrusion upon seclusion, which California has adopted from §652B of the Restatement (Second) of Torts.

2. Plaintiff brings this action against First Source for its abusive and outrageous conduct in connection with debt collection activity.

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. The FDCPA was designed to prevent abusive and deceptive collection practices by debt collectors. The purpose of the FDCPA was to eliminate abusive debt collection practices by debt collectors. 15 U.S.C. § 1692.

5. The FDCPA regulates the behavior of "debt collects" (including collection agencies, collection attorneys, and debt buyers) when attempting to collect a consumer debt. Congress found "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors" which "contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy." 15 U.S.C. § 1692(a).

6. The FDCPA was expressly adopted "to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantages, and to promote uniform State action to protect consumers against debt collection abuses." 15. U.S.C. § 1692(e).

7. In Calif. Civil Code § 1788.1(a)-(b), the California Legislature made the following findings and purpose in creating the Rosenthal Act:

> (a)(1) The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public's confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.
>
> (2) There is need to ensure that debt collectors and debtors exercise their responsibilities to another with fairness and honesty and due regard for the rights of the other.

> (b) It is the purpose of this title to prohibit debt collectors from engaging in unfair or deceptive acts of practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts, as specified in this title.

8. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

## JURISDICTION & VENUE

9. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, and 1367, 47 U.S.C. § 227, and 15 U.S.C. § 1692k(d).

10. This venue is proper pursuant to 28 U.S.C. §1391(b).

11. The Plaintiff is an individual and resides in Los Angeles County, California.

12. Defendant First Source Advantage is a debt collector that collects on consumer debts throughout the United States, including the State of California.

## GENERAL ALLEGATIONS

13. Plaintiff is an individual and "consumer" as defined by 15 U.S.C. § 1692a(3) and a "debtor" as defined by Cal. Civ. Code § 1788.2(g).

14. At all relevant times herein, FSA was a company engaged, by the use of mail, email, and telephone, in the business of collecting a debt from Plaintiff, and "debt" as defined by 15 U.S.C. § 1692a(5) and Cal. Civ. Code § 1788.2(f).

15. At all relevant times, Defendant FSA acted as a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Cal. Civ. Code § 1788.2(c).

16. Plaintiff believes that FSA was collecting on an account(s) that did not originate with those entities but instead was associated with Plaintiff's account(s) with Klarna.

17. Defendant has been attempting to collect on a debt that originated from monetary credit that was extended primarily for personal, family, or household purposes, and was therefore a "consumer credit transaction" and as defined by 15 U.S.C. § 1692a(5) and Cal. Civ. Code § 1788.2(d).

18. Plaintiff original account(s) with Klarna were unsecured loan that Plaintiff incurred prior to the account being sold or transferred to Defendant FSA.

19. Defendant FSA, at some point, assumed control of the debt(s) and began contacting Plaintiff in mid-2024 to inquire about the status of the account(s) and to collect the outstanding balance.

20. Plaintiff believes that FSA is a collection agency either hired by Klarna or a purchaser of Plaintiff's account(s) from Klarna.

21. Plaintiff retained counsel to assist in dealing with the FSA account and collection efforts as well as to seek some type of financial relief.

22. Counsel for Plaintiff contacted Defendant FSA in October of 2024 to inform FSA that Plaintiff was represented by counsel.

23. FSA received notice from Plaintiff's counsel confirming representation of Plaintiff and stating that it was to no longer contact Plaintiff directly and that all calls/letters/collection efforts were to no longer be directed at Plaintiff.

24. FSA received notice from Plaintiff's counsel on October 21, 2024.

25. FSA ignored the notice and continued to contact Plaintiff directly without consent.

26. A second notice was sent to FSA on October 29, 2024.

27. FSA again ignored the notice and contacted to contact Plaintiff directly and without consent of Plaintiff's counsel.

28. A third notice was sent to FSA on December 17, 2024 again informing it that Plaintiff was represented by counsel and that it was not authorized to contact Plaintiff.

29. Again FSA ignored the notices from Plaintiff's counsel and continued to contact her directly.

30. A fourth notice was send to FSA on January 6, 2025.

31. Undeterred, despite receiving four separate notices, FSA continued to contact Plaintiff directly and demand payment on the collection account.

32. A fifth notice was sent to FSA on March 10, 2025 as FSA's collection activity did not stop and it continued to contact Plaintiff directly.

33. However, despite receiving five separate notices, Defendant FSA elected to ignore those notices regarding Plaintiff's representation by counsel and continued to contact Plaintiff directly.

34. Plaintiff was contacted frequently regarding non-payment of the debt(s) owed to FSA despite being notified on multiple occasions that Plaintiff had retained counsel.

35. FSA Plaintiff over 110 separate times after notice of representation was provided.

36. FSA, with knowledge of Plaintiff's representation by counsel, continued to contact Plaintiff.

37. Defendants FSA's contact with Plaintiff was frequent in nature and continued despite receiving written confirmation that Plaintiff was represented by an attorney on multiple occasions.

## FIRST CAUSE OF ACTION

(Violation of the FDCPA)
(15 USC § 1692c(a)(2))
(Against Defendant FSA)

38. Plaintiff realleges and incorporates herein the allegation in each and every paragraph above as though fully set forth herein.

39. Defendant FSA was notified on five separate occasions that Plaintiff was represented by an attorney with respect to Plaintiff's collection accounts.

40. Defendant FSA continued to contact Plaintiff after it was informed Plaintiff was represented by an attorney.

41. Defendant FSA's collection activity continued for approximately six months after it first received notice of Plaintiff's representation by counsel.

42. Plaintiff's attorney did not consent to Defendant FSA continuing to contact Plaintiff.

43.Defendant FSA contacted Plaintiff in connection with collecting on the debt despite knowing that Plaintiff was represented by Counsel and that counsel instructed Defendant FSA specifically not to contact Plaintiff.

44.Defendant's conduct was in violation of 11 U.S.C. § 1692c(a)(2).

**SECOND CAUSE OF ACTION**

(Violation of the Rosenthal Act)
(Cal. Civ. Code §§ 1788-1788.32)
(Against Defendant FSA)

45. Plaintiff realleges and incorporates herein the allegations in each and every paragraph above as though fully set forth herein.

46. Plaintiff provided written notice via certified mail, first class mail, and email that she was represented by sending Defendant FSA letters with the name, address, and contact information of her attorney.

47. The contents of the various letters sent to FSA indicated that Plaintiff was represented by counsel and that Plaintiff was not to be contacted directly.

48. Defendant FSA continued to send collection notices and otherwise attempt to contact Plaintiff despite receiving multiple notices of representation and being informed that Plaintiff had retained counsel and represented Plaintiff with respect to the collection accounts.

49. The calls and communications made by Defendant FSA to Plaintiff were not related to statements of Plaintiff's account and were attempts to collect a debt.

50. Plaintiff was contacted over 110 separate times by FSA despite receiving five separate notices regarding Plaintiff's representation by counsel.

51.Defendant FSA violated Cal. Civ. Code §1788.14 by contacting Plaintiff after receiving five separate notices that Plaintiff had retained an attorney.

**THIRD CAUSE OF ACTION**

(Violation of the Rosenthal Act)

(Cal. Civ. Code §§ 1788-1788.32)
(Against Defendant FSA)

52. Plaintiff realleges and incorporates herein the allegations in each and every paragraph above as though fully set forth herein.

53. Defendant FSA knew that Plaintiff was represented by an attorney as it received various certified notices stating as much.

54. Defendant violated Cal. Civ. Code §1788.17, in violation of 15 U.S.C. §§ 1692(d) and (c) by calling and otherwise contacting Plaintiff after FSA knew that Plaintiff was represented by counsel and in an attempt to harass and annoy Plaintiff.

**FOURTH CAUSE OF ACTION**
(Intrusion Upon Seclusion)
(Against FSA)

55.Plaintiff realleges and incorporates herein the allegations in each and every paragraph above as set forth herein.

56. Defendant intentionally interfered, physically or otherwise, with the solitude and seclusion of Plaintiff, namely by engaging in unlawful and intrusive communications.

57. Defendant intentionally caused harm to Plaintiff's emotional well-being by engaging in highly offensive conduct in the course of collecting its debt, and thereby invaded and intruded upon Plaintiff's rights to privacy.

58. Plaintiff has a reasonable expectation of privacy in her solitude, seclusion, and/or private concerns and affairs.

59. These intrusions and invasions against Plaintiff by Defendant occurred in a way that would be highly offensive to a reasonable person in that position.

60. Defendant received multiple notices stating that it was no longer to contact Plaintiff because she was represented by counsel.

61. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant FSA.

**Cal. Civ. Code § 3294**

62. Defendant also acted with oppression, fraud, and/or malice, thereby entitling Plaintiff to exemplary damages in an amount according to proof and a finder of fact at trial.

63. Defendant possessed actual knowledge that it continued to violate both state and federal collection laws as it received various notices regarding representation of Plaintiff by an attorney.

64. The collection notices and contact with Plaintiff were done with knowledge that Plaintiff was represented by counsel and could not be communicating directly with Plaintiff.

65. Given Defendant's knowledge of Plaintiff's representation and revocation of consent, these calls were an attempt to collect a debt in an illegal manner with a conscious disregard for Plaintiff's rights under both the Rosenthal Fair Debt Collection Practices Act and the Fair Debt Collection Practices Act.

66. The sheer volume of improper contact and collection activity was intentionally designed to exhaust Plaintiff into paying Defendant.

67. Defendant also acted with oppression, fraud, and/or malice, thereby entitling Plaintiff to punitive damages in an amount according to proof and a finder of fact at trial.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rules of Civil Procedure 38, Plaintiff hereby demands a trial by jury for all issues of fact triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

**a.** An award of actual damages pursuant to California Civil Code §1788.30(a), as will be proven at trial, which are cumulative and in addition to all other remedies provided for in any other cause of action pursuant to California Civil Code §1788.32.

**b.** An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code §1788.30(b), which are cumulative and in addition to all other remedies provided for in California Civil Code §1788.32.

**c.** An award of statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A).

**d.** An award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(3) and to Cal. Civ. Code §1788.30(c)

**e.** An award of actual damages as proven at trial and sanctions pursuant to Cal. Civ. Code § 3294.

**Gale, Angelo, Johnson, P.C.**

Dated: January 16, 2026

By: */s/ Joe Angelo*
Joe Angelo
Attorney for Plaintiff